UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Antonio Onofre,
and other similarly situated individuals,

     Plaintiff,

v.

Higgins AG LLC,
Marianne Higgins, and
Brent M. Higgins, individually

     Defendants,

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANTONIO ONOFRE and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants HIGGINS AG LLC, MARIANNE HIGGINS, and BRENT M. HIGGINS, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime and minimum wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff ANTONIO ONOFRE is a resident of Hendry County, Florida within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant HIGGINS AG LLC, (hereinafter HIGGINS AG, or Defendants) is a Florida corporation, having its place of business at Parrish, Manatee County, Florida.  The Defendants was and is engaged in interstate commerce.

4. The individual Defendants MARIANNE HIGGINS, and BRENT M. HIGGINS were and are now, the owners/officers and managers of Defendants Corporation HIGGINS AG. Defendants MARIANNE HIGGINS, and BRENT M. HIGGINS are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Manatee County, Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ANTONIO ONOFRE  as a collective action to recover from Defendants unpaid regular wages, overtime compensation, liquidated damages, retaliatory damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor

Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2018, (the "material time") without being properly compensated.

7. Defendant HIGGINS AG is a Florida Corporation dedicated to the designing, manufacturing, and building of metal structures such as commercial/industrial greenhouses for the Horticulture, Agriculture, and medical industries. Defendant performs its business in Florida and throughout the United States.

8. Defendants HIGGINS AG,  MARIANNE HIGGINS, and BRENT M. HIGGINS employed Plaintiff ANTONIO ONOFRE, as a non-exempted, full-time, hourly employee from approximately March 01, 2017, to December 19, 2020, or 198 weeks.  However, for FLSA purposes the relevant employment period is 152 weeks.

9. Plaintiff was hired as manual labor to repair, demolish, and building nursery greenhouses.  During the relevant period of his employment Plaintiff was paid approximately from $13.50 to $16.00 an hour.

10. During his time of employment with Defendants, Plaintiff worked 6 days per week. In regular weeks, Plaintiff worked from Monday to Saturday,

from 7:00 AM to 5:00 PM (10 hours daily). Plaintiff completed a minimum average of 54 working hours weekly. (The Plaintiff has already deducted 6 hours of lunchtime weekly).

11. However, in many weeks Plaintiff worked more than 54 hours weekly because he began working earlier and stay working late. Sometimes the Plaintiff was paid for all his hours worked in a week at his regular wage rate, and sometimes Plaintiff had many hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

12. Plaintiff always worked more than 40 hours weekly and he was paid for all hours at a straight time rate.  But he did not receive payment for overtime hours as required by law.

13. Plaintiff did not clock in and out most of the time, but he worked under closed supervision, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of days and hours worked. Plaintiff did not have access to check the number of his days and hours worked during the week.

16. Plaintiff disagreed with the lack of payment for regular and overtime hours and he complained multiple times to Defendants, but he always received the same answer: "We don't pay overtime here".

17. On or about December 19, 2020, Plaintiff resigned from his position because Defendants denied him fair payment for regular and overtime hours.

18. At the time of his resignation Plaintiff was not paid for 2 weeks of work. Plaintiff was given a bad check corresponding to one week of work, $1,091.15, plus one week of 54 hours, or $864.00.

19. Plaintiff is not in possession of time and payment records, and it will be impossible for him to provide the exact amount of wages that he is entitled to be paid at this time. Nevertheless, Plaintiff will provide a good faith estimate of unpaid overtime based on his best recollection, and using a workweek of 54 hours. After Defendants provides time and payment records, Plaintiff will amend his Statement of Claim to reflect the real number of regular and overtime unpaid wages.

20. Plaintiff ANTONIO ONOFRE seeks to recover any unpaid regular wages and overtime hours, accumulated during all his relevant time of

employment, liquidated damages, and any other damages, as allowable by law.

21. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty in a week.

<u>COUNT I:</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>
<u>FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS</u>

22. Plaintiff ANTONIO ONOFRE re-adopts every pertinent and factual allegation, as stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff ANTONIO ONOFRE and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

24. The employer HIGGINS AG was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a designer, manufacturer, and construction company building commercial/industrial greenhouses in Florida and across interstate lines. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always more than $500,000 per annum. Therefore, there is enterprise coverage.

25. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working in the construction of commercial greenhouses used to produce Horticulture, Agricultural and

medicinal products to be sold and moved across interstate lines at any time during the business. Therefore, there is individual coverage.

26. Defendants HIGGINS AG, MARIANNE HIGGINS, and BRENT M. HIGGINS employed Plaintiff ANTONIO ONOFRE, as a non-exempted, full-time, hourly employee from approximately March 01, 2017, to December 19, 2020, or 197 weeks.  However, for FLSA purposes the relevant employment period is 152 weeks.

27. Plaintiff was hired as manual labor to repair, demolish, and building nursery greenhouses.   During the relevant period of his employment Plaintiff was paid approximately from $13.50 to $16.00 an hour.

28. During his time of employment with Defendants, Plaintiff worked 6 days per week, 10 hours daily a minimum of 54 hours weekly. (The Plaintiff has already deducted 6 hours of lunchtime weekly).

29. However, in many weeks Plaintiff worked more than 54 hours weekly because he began working earlier and stay working late. Sometimes the Plaintiff was paid for all his hours worked in a week at his regular wage rate, and sometimes Plaintiff had many hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

30. Plaintiff always worked more than 40 hours weekly and he was paid for all hours at a straight time rate.  However, he did not receive payment for overtime hours as required by law.

31. Plaintiff did not clock in and out most of the time, but he worked under closed supervision, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of days and hours worked. Plaintiff did not have access to check the number of his days and hours worked during the week.

34. The records, if any, concerning the number of hours worked by Plaintiff ANTONIO ONOFRE, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief,

Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

35. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as time and payment records could dictate. After proper discovery, Plaintiff will amend his Statement of Claim.

    a. <u>Total amount of alleged unpaid wages</u>:

       Fifteen Thousand Five Hundred Fifteen Dollars and 50/100 ($15,515.50)

    b. <u>Calculation of such wages</u>:

       Total Period of employment:  198 weeks
       Relevant weeks of employment: 152 weeks
       Total number of hours worked: 54 weekly
       Total number of unpaid overtime hours: 16 O/T hours weekly

       **<u>1.- Unpaid overtime 2018= 49 weeks paid at $13.50 an hour</u>**

Relevant weeks of employment: 49 weeks
Total number of hours worked: 54 weekly
Total number of unpaid overtime hours: 14 O/T hours weekly
Regular rate: $13.50 an hour x 1.5=$20.25 O/T rate
O/T rate 20.25-$13.50 O/T rate paid=$6.75 half-time O/T difference
Half-time O/T: $6.75

Half-time O/T $6.75 x 14 O/T hours=$94.50 weekly x 49 weeks=$4,630.50

## 2.- Unpaid overtime 2019= 52 weeks paid at $14.50 an hour

Relevant weeks of employment: 52 weeks
Total number of hours worked: 54 weekly
Total number of unpaid overtime hours: 16 O/T hours weekly
Regular rate: $14.50 an hour x 1.5=$21.75 O/T rate
O/T rate 21.75-$14.50 O/T rate paid=$7.25 half-time O/T difference
Half-time O/T: $7.25

Half-time O/T $7.25 x 14 O/T hours=$101.50 weekly x 52 weeks=$5,278.00

## 3.- Unpaid O/T from 01/01/2020 to 07/01/2020=30 weeks paid at $15.50 an hour

Relevant weeks of employment: 30 weeks
Total number of hours worked: 54 weekly
Total number of unpaid overtime hours: 14 O/T hours weekly
Regular rate: $15.50 an hour x 1.5=$23.25 O/T rate
O/T rate 23.25-$15.50 O/T rate paid=$7.75 half-time O/T difference
Half-time O/T: $7.75

Half-time O/T $7.75 x 14 O/T hours=$108.50 weekly x 30 weeks=$3,255.00

## 4.- Unpaid O/T from 08/01/2020 to 12/19/2020=21 weeks paid at $16.00 an hour

Relevant weeks of employment: 21 weeks

Total number of hours worked: 54 weekly
Total number of unpaid overtime hours: 14 O/T hours weekly
Regular rate: $16.00 an hour x 1.5=$24.00 O/T rate
O/T rate 24.00-$16.00 O/T rate paid=$8.00 half-time O/T difference
Half-time O/T: $8.00

Half-time O/T $8.00 x 14 O/T hours=$112.00 weekly x 21 weeks=$2,352.00

Total #1, #2, #3, and #4: $15,515.50

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid half-time overtime compensation.

38. At all times, the Employer/Defendants HIGGINS AG, MARIANNE HIGGINS, and BRENT M. HIGGINS failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendants as set forth above, and

Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned, individual Defendants MARIANNE HIGGINS, and BRENT M. HIGGINS were the owners/partners/and managers of HIGGINS AG. Defendants MARIANNE HIGGINS, and BRENT M. HIGGINS were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of HIGGINS AG concerning its employees, including Plaintiff and others similarly situated.  Defendants MARIANNE HIGGINS, and BRENT M. HIGGINS had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

41. Defendants HIGGINS AG,  MARIANNE HIGGINS, and BRENT M. HIGGINS  willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of the Plaintiff's employment with Defendants.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANTONIO ONOFRE and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ANTONIO ONOFRE and other similarly situated individuals and against the Defendants HIGGINS AG, MARIANNE HIGGINS, and BRENT M. HIGGINS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANTONIO ONOFRE and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
### F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

43. Plaintiff ANTONIO ONOFRE re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

44. This action is brought by Plaintiff ANTONIO ONOFRE and those similarly-situated to recover from the Employer HIGGINS AG unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

45. The employer HIGGINS AG was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a designer, manufacturer, and construction company building commercial/industrial greenhouses in Florida and across interstate lines. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States.

Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always more than $500,000 per annum. Therefore, there is enterprise coverage.

46. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working in the construction of commercial greenhouses used to produce Horticulture, Agricultural and medicinal products to be sold and moved across interstate lines at any time during the business. Therefore, there is individual coverage.

47. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

48. Defendants HIGGINS AG,  MARIANNE HIGGINS, and BRENT M. HIGGINS employed Plaintiff ANTONIO ONOFRE, as a non-exempted, full-time, hourly employee from approximately March 01, 2017, to December 19, 2020, or 198 weeks.  However, for FLSA purposes the relevant employment period is 152 weeks.

49. Plaintiff was hired as manual labor to repair, demolish, and building nursery greenhouses.  During the relevant period of his employment Plaintiff was paid approximately from $13.50 to $16.00 an hour.

50. During his time of employment with Defendants, Plaintiff worked 6 days per week. In regular weeks, Plaintiff worked a minimum of 54 hours (The Plaintiff has already deducted 6 hours of lunchtime weekly).

51. However, in many weeks Plaintiff worked more than 54 hours weekly because he began working earlier and stay working late. Sometimes the Plaintiff was paid for all his hours worked in a week at his regular wage rate, and sometimes Plaintiff had many hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

52. Plaintiff regularly worked more than 56 hours every week. However, for a substantial number of weeks, Plaintiff was not paid for every hour that he worked. Every week the Plaintiff received a different amount in payment. Plaintiff had no access to check his number of hours worked.

53. Plaintiff did not clock in and out most of the time, but he worked under closed supervision, and Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, which means that Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

54. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

55. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of days and hours worked. Plaintiff did not have access to check the number of his days and hours worked during the week.

56. On or about December 19, 2020, Plaintiff resigned from his position, and at that time, Plaintiff was not paid for 2 weeks of work.

57. The records, if any, concerning the number of hours worked by Plaintiff ANTONIO ONOFRE, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

58. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

59. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

60. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff regular wage-rate was $16.00 an hour. Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.
*In these calculations Plaintiff is including only 2 weeks of employment with Defendants. After proper discovery, Plaintiff will amend his Statement of Claim to reflect any unpaid regular wages during his entire period of employment.

    a. <u>Total amount of alleged unpaid wages</u>:

       Six Hundred Eighty-Four Dollars and 88/100 ($684.80)

    b. <u>Calculation of such wages</u>:

       Total Period of employment:  198 weeks
       Relevant weeks of employment: 152 weeks
       Total number of unpaid weeks: 2 weeks
       Total number of hours worked: 40 weekly
       Total number of unpaid regular hours: 54 regular hours weekly
       Regular rate: $16.00 an hour
       Florida minimum wage 2020: $8.56 an hour.

       $8.56 x 40 hours weekly=$342.40 x 2 weeks=$684.80

    c. <u>Nature of wages</u>:

This amount represents unpaid regular wages at the Florida minimum wage rate.

61. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

62. At the times mentioned, individual Defendants MARIANNE HIGGINS, and BRENT M. HIGGINS were the owners/partners/and managers of HIGGINS AG. Defendants MARIANNE HIGGINS, and BRENT M. HIGGINS were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of HIGGINS AG concerning its employees, including Plaintiff and others similarly situated.  Defendants MARIANNE HIGGINS, and BRENT M. HIGGINS had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

63. Defendants HIGGINS AG, MARIANNE HIGGINS, and BRENT M. HIGGINS  willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing

Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

64. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ANTONIO ONOFRE and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ANTONIO ONOFRE and against the Defendants HIGGINS AG based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ANTONIO ONOFRE and those similarly situated demand trial by a jury

of all issues triable as of right by a jury.

Dated: February 9, 2021

<div style="margin-left: 40%;">

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
    9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*

</div>