## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTONIO ONOFRE, for himself
and on behalf of those similarly situated,

      Plaintiff,

v.                              CASE NO. 8:21-cv-311-TPB-TGW

HIGGINS AG, LLC,
MARIANNE HIGGINS, and
BRENT M. HIGGINS, individually,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

        This cause came on for consideration upon the plaintiff, Antonio Onofre's, Motion for Default Judgment Against All Defendants (Doc. 16). The plaintiff alleges that the defendants failed to pay him for regular and overtime hours that he worked in violation of the Fair Labor Standards Act (FLSA) (Doc. 1, pp. 2–4). The defendants did not defend this case and the Clerk entered default against them (see Docs. 13, 14, 15). The plaintiff has submitted evidence that he sustained recoverable damages totaling $39,651.60, which includes $15,515.50 in unpaid overtime wages, $684.80 in unpaid minimum wages, $16,200.30 in liquidated damages, and an award of attorney's fees and costs, which consists of $6,524.00 in

attorney's fees and $727.00 in costs. I therefore recommend that the Plaintiff's Motion for Default Judgment Against All Defendants (Doc. 16) be granted and that default judgment be entered against defendants Higgins AG, LLC, Marianne Higgins, and Brent M. Higgins in this FLSA case in the requested amount of $39,651.60.

I.

On February 9, 2021, the plaintiff filed a complaint alleging that the defendants failed to pay him for regular and overtime hours that he worked, in violation of the FLSA (Doc. 1, pp. 2–4). The plaintiff averred that he performed manual labor, such as repairing, demolishing, and building structures, for the defendants (id., p. 3, ¶9). The defendants were involved in the designing, manufacturing, and building of metal structures such as commercial/industrial greenhouses (id., ¶7). The plaintiff contends that he worked six days a week, at a minimum of ten hours a day, for a minimum average of fifty-four hours per week (id., pp. 3–4, ¶10). He contends that he was paid weekly with checks that did not reflect the actual regular hours he worked and, additionally, was never paid overtime (id., pp. 4–5, ¶¶14–15). The plaintiff asserts that he complained multiple times to defendants—to no

2

avail—and, accordingly, resigned on December 19, 2020 (id., p. 5, ¶¶16–17).

On March 4, 2021, the defendants were served with the summons and complaint (see Docs. 9, 10, 11, 16, p. 2, ¶2). However, the defendants failed to file a response to the complaint or otherwise appear in this case. Consequently, a default was entered against the defendants (see Docs. 13, 14, 15).

Subsequently, the plaintiff filed a Motion for Default Judgment Against All Defendants (Doc. 16). Attached to the motion is an affidavit from the plaintiff, in which he attests to the number of hours worked and damages sustained as a result of the defendants' FLSA violations (see Doc. 16-1). Plaintiff's counsel has also filed a declaration explaining the attorney's fees and costs that have been incurred (see Doc. 16-2). The defendants have not responded to the motion.

II.

Pursuant to Rule 55(b)(2), Fed.R.Civ.P., a party may seek from the court a default judgment for the amount of the damages caused by the defaulting party. The plaintiff seeks entry of a default judgment against the defendants in the amount of $39,651.60, which includes $15,515.50 in

3

unpaid overtime wages, $684.80 in unpaid minimum wages, $16,200.30 in liquidated damages, and an award of attorney's fees and costs, which consists of $727.00 in costs, and $6,524.00 in attorney's fees (Doc. 16, p. 8; Doc. 16-1).

A.    Unpaid Wages

The defendants' liability for violations of the FLSA is established by the default entered against them in this case. See 29 U.S.C. 203(d) (broadly defining employer under the FLSA to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"). In this instance, the plaintiff alleged in his complaint that the defendants were his employers between March 01, 2017, through December 19, 2020 (Doc. 1, p. 3, ¶8). This undisputed allegation is sufficient to establish that the defendants are liable under the FLSA.

Under the FLSA, a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages. See 29 U.S.C. 216(b) ("Any employer who violates the provisions of [the FLSA] ... shall be liable to the . . . employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."). The liquidated damages under the FLSA are

4

"compensatory in nature." Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000), cert. denied, 532 U.S. 975 (2001).  Thus, "the liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)).

As indicated, the plaintiff filed an affidavit which attests, under the penalty of perjury, the basis of his damages claim (see Doc. 16-1). In this affidavit, the plaintiff provides the hourly wages that he received, the number of hours he worked weekly, his rate of pay, and the span of time where he received either inadequate or no compensation (id.). The plaintiff states that he does not have time and payment records and that "it [is] impossible for him to provide the exact amount of wages that he is entitled to be paid at this time" (Doc. 1, p. 5, ¶19).  Further, the plaintiff asserts that the "[d]efendants did not maintain accurate and complete time records" (Doc. 16-1, p. 3, ¶15). However, the defendants have the burden to make and preserve the time records.  See 29 U.S.C. 211(c).

The defendants have not produced time records or otherwise controverted the plaintiff's evidence. Thus, the affidavit should be accepted as "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." <u>Anderson</u> v. <u>Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687 (1946). The burden then shifts to the defendant employers to provide evidence either of the exact amount of work performed or evidence that would negate "the reasonableness of the inference to be drawn from the employee's evidence." <u>Id</u>. at 687–88. The employers' failure to provide such evidence will permit the court to "award damages to the employee, even though the result [may] only be approximate." <u>Id</u>. at 688.

As discussed, in this case the defendants did not present any evidence regarding the amount of hours worked by the plaintiff and did not rebut the plaintiff's assertions. Accordingly, the undisputed damages claimed by the plaintiff should be awarded.

Here, the plaintiff asserts that he worked for the defendants from March 1, 2017 to December 19, 2020 for a relevant employment period of 152 weeks at a rate of $13.50 to $16.00 an hour (Doc. 1, p. 3, ¶¶8–9; Doc. 16-1, pp. 1–2, ¶¶5, 10). He states during this time that he worked six days per week, for ten hours minimum, for a total of fifty-four hours weekly (Doc.

6

1, pp. 3–4, ¶10; Doc. 16-1, p. 2, ¶11). However, he also states that in "many weeks" he would work more than fifty-four hours weekly because he "began working earlier and [would] stay working late" (Doc. 1, p. 4, ¶11; Doc. 16-1, p. 2, ¶12). The plaintiff explains that he "did not clock in and out most of the time, but he worked under close[] supervision . . . and [that] Defendants were able to keep track of the number of hours [he] worked" (Doc. 1, p. 4, ¶13). He further states that he received weekly payment checks and paystubs, however, these "did not reflect the real number of days and hours worked" (id., ¶15; Doc. 16-1, p. 3, ¶14). He complained to defendants about their failure to pay him both regular and overtime pay, to which he was told "[w]e don't pay overtime here" (Doc. 1, p. 5, ¶16).

The plaintiff attests that the defendants owe him $15,515.50 in unpaid overtime wages, $684.80 in unpaid minimum wages, for a total of $16,200.30 and an equal amount in liquidated damages (Doc. 16, p. 4, ¶14). Consequently, the plaintiff's affidavits establish damages from the defendants' FLSA violation. As discussed, the defendants have not challenged the sufficiency of this evidence or otherwise objected to any of these damages. Accordingly, the plaintiff should be awarded the amount he has requested.

B.    Attorney's Fees and Costs

Plaintiff's counsel seeks an award of attorney's fees and costs pursuant to the FLSA (see Doc. 1, pp. 2–3, ¶6; Doc. 16, pp. 8–9). The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." See 29 U.S.C. 216(b). Thus, the plaintiff is entitled to a reasonable attorney's fee and costs.

The federal lodestar approach is used to determine a reasonable attorney's fee award pursuant to the FLSA (see Perez v. Carey International, Inc., 373 Fed. Appx. 907, 910 (11th Cir. 2010)). In order to determine a "lodestar amount of fees" to be awarded, "'the number of hours reasonably expended on the litigation [is] multiplied by a reasonable hourly rate.'" Id. (internal citations omitted). Hours that are "redundant, excessive, or otherwise unnecessary" are not to be included in the determination of hours reasonably expended. Id. at 11 (internal citations omitted).

1.  Hourly Rates

The court must determine a reasonable hourly rate for the services of the prevailing plaintiff's attorney. The applicant attorney bears the burden of providing the court "with specific and detailed evidence from

8

which the court can determine a reasonable hourly rate." <u>Norman</u> v. <u>The</u> <u>Housing Authority of the City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Id</u>. at 1299.

In this matter, the plaintiff was represented by attorney Zandro E. Palma (Mr. Palma) (<u>see</u> Doc. 16-2). Mr. Palma requests a fee based on an hourly rate of $400.00 (<u>id</u>., p. 4, ¶13).

In his affidavit, Mr. Palma states that he is the sole shareholder of Zandro E. Palma, P.A. and that he has practiced law since 2006 (<u>id</u>., p. 2, ¶4). He further says that over 70% of his active practice involves FLSA litigation on behalf of employees, such as the current matter (<u>id</u>.). Additionally, he has served as the President of the National Employment Lawyer Association's (NELA) Florida Chapter and is an active member of the NELA National Chapter and NELA Georgia Chapter as well as the Florida Bar's Labor & Employment Law Section (<u>id</u>., p. 3, ¶8). Mr. Palma states that effective January 1, 2021, he charges clients an hourly rate of $400.00, whereas previously he charged an hourly rate of $375 (<u>id</u>., p. 4, ¶13). He states that both rates have been "consistently approved" by this

9

court and other courts in the Middle, Northern, and Southern District of Florida (id., ¶13–14). He lastly asserts that, "[b]ased on [his] experience, familiarity with rates charged by other lawyers, and fees awarded in similar litigation . . . [he] believe[s] that [his] current rate of $400.00 is reasonable" (id., p. 5, ¶15).

Taking into consideration counsel's experience in employment law, the small number of hours he spent on the case, the prevailing market rates in the area, and the lack of opposition from the defendants, I conclude that the requested rate is reasonable. Accordingly, I recommend that Mr. Palma be awarded an hourly rate of $400.00.

2.  Reasonableness of the Number of Hours Expended

As indicated, in order to determine the lodestar amount of fees, the court must also determine the number of hours reasonably expended on the litigation. The court "must [still] determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Perez v. Carey International, Inc., supra, 373 Fed. Appx. at 911.

The applicant attorney bears the burden to document the hours expended on a given case. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In this matter, Mr. Palma has met his burden. He has provided the court with

a detailed log of the hours he spent working on the matter. This detailed log sets forth the amount of time Mr. Palma spent on individual tasks, totaling 16.31 hours of legal work (see Doc. 16-2, pp. 6–8). These tasks include legal research, drafting of the complaint and affidavits, and communication with various process servers and the plaintiff (id.). Additionally, Mr. Palma avers that this matter "required a substantial number of attorney hours" and, in turn, "precluded [him] from dedicating attorney hours to other cases" (id., p. 3, ¶10). Mr. Palma states that "the work [he] performed . . . was done efficiently and effectively and that the time spent on that work was reasonable and not excessive" (id., p. 5, ¶16).

I therefore recommend that the plaintiff's counsel be compensated for the 16.31 hours of legal work spent on this matter.

In sum, the hourly rate multiplied by the compensable number of hours results in the following lodestar amount of $6,524.00. Accordingly, I recommend that the plaintiff's counsel be awarded an attorney's fee of $6,524.00.

3. Costs

Finally, the plaintiff's counsel presented evidence that he incurred $727.00 in costs (id., p. 5, ¶17; Doc. 16, p. 9). As set forth in Mr.

11

Palma's affidavit, these costs were comprised of the $402.00 filing fee, $225.00 for service of process on the defendants, and $100.00 in copying and postage (Doc. 16-2, p. 8).

These costs are recoverable. See 28 U.S.C. 1920. Further, the defendants have not challenged any of the costs. The plaintiff is to be reimbursed for these costs. Therefore, I recommend that the plaintiff is to be awarded costs of $727.00.

### III.

In sum, the plaintiff has demonstrated that he is entitled to damages totaling $39,651.60, which includes $15,515.50 in unpaid overtime wages, $684.80 in unpaid minimum wages, and $16,200.30 in liquidated damages. He is also entitled to an award of attorney's fees and costs, consisting of $727.00 in costs, and $6,524.00 in attorney's fees. I therefore recommend that the plaintiff be awarded damages totaling $39,651.60.

For the foregoing reasons, I recommend that the Plaintiff's Motion for Default Judgment Against All Defendants (Doc. 16) be granted, and that default judgment be entered in favor of the plaintiff, and against the defendants Higgins AG, LLC, Marianne Higgins, and Brent M. Higgins, in

12

the amount of $39,651.60, plus post-judgment interest calculated at the statutory rate. See 28 U.S.C. 1961.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 29, 2021.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

13